**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAY STRUMOLO, as Guardian Ad Litem for A.S., <br><br> Plaintiff, <br><br> v. <br><br> SPARTA TOWNSHIP BOARD OF EDUCATION a/k/a SPARTA TOWNSHIP PUBLIC SCHOOL DISTRICT, and JOHN PROCOPIO <br><br> Defendants. | Civil Action No.: <br><br><br> **COMPLAINT AND JURY DEMAND** |

**STREET AND ADDRESS OF ALL PARTIES**

1. Plaintiff A.S. ("Plaintiff") is a minor child who appears by and through his Guardian Ad Litem ("G.A.L"), Ray Strumolo ("Strumolo"). Strumolo resides at 7 Sieben Drive, Middletown, New Jersey 07748, which is Plaintiff's address for purposes of this pleading and service through the G.A.L. Defendant Sparta Township Board of Education, also known as the Sparta Township Public School District (the "Board" or "SBOE"), is a local governmental entity responsible for the operation of the Sparta Township public schools, with its principal place of business at 18 Mohawk Avenue, Sparta, New Jersey 07871. Defendant John Procopio ("Procopio") is, upon information and belief, an adult individual residing in the State of New Jersey, and may be served c/o SBOE at 18 Mohawk Avenue, Sparta, New

Jersey 07871, and/or c/o Sparta Middle School at 350 Main Street, Sparta, New Jersey 07871.

## NATURE OF ACTION

2.      This action arises from the use of unlawful and excessive physical force against an eleven (11)-year-old student during school hours on or about October 23, 2025, by Defendant Procopio, acting under color of state law in a custodial, school-based setting. Plaintiff seeks redress, including under 42 U.S.C. § 1983, for violations of Plaintiff's constitutional right to bodily integrity and freedom from excessive force, and seeks to hold SBOE liable under a Monell established legal theory for policies, practices, and customs, including failures in training, supervision, discipline, and incident response, that were a moving force behind the constitutional violations and resulting harm.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

4.      This Court has supplemental jurisdiction over the state law claims, including under the New Jersey Civil Rights Act ("NJCRA"), pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to these claims occurred in the District of New Jersey.

## PARTIES

6.  Strumolo is the G.A.L. for Plaintiff A.S., an eleven (11) year old minor child and student at Sparta Middle School ("SMS"), and is A.S.'s biological father.

7.  Defendant SBOE is a local governmental entity responsible for the operation of the Sparta Township public schools, including SMS. SMS is a public middle school operated by SBOE and located at 350 Main Street, Sparta, New Jersey 07871. SMS is referenced in this pleading to identify the facility and relevant personnel and events.

8.  Defendant John Procopio ("Procopio") is, upon information and belief, an adult individual residing in the State of New Jersey. At all relevant times, Procopio was employed by SBOE and assigned to SMS as a physical education teacher, and exercised custodial and disciplinary authority over minor students.

## RELEVANT FACTUAL AVERMENTS

9.  Plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

10.  At all relevant times, A.S. was enrolled as a student at SMS and was entitled to attend school free from the use of excessive force and unjustified physical restraint by school staff.

11.  At all relevant times, Procopio acted under color of state law and exercised authority conferred by his public employment, including authority over students in a custodial school setting.

12. On or about October 23, 2025, A.S. attended a physical education class during the final period of the school day.

13. During that class, A.S. and another student engaged in a brief, minor physical altercation involving pushing.

14. In response, Procopio ran toward A.S., grabbed and/or seized him, and used force that was objectively unreasonable and grossly disproportionate to the circumstances, including forcibly driving/slamming A.S. to the ground.

15. After forcing A.S. to the ground, Procopio stood over A.S. in a threatening and intimidating posture and pointed at and/or into A.S.'s face.

16. Procopio then grabbed A.S. by the collar/neckline area of A.S.'s clothing and forcibly escorted A.S. out of the gymnasium.

17. The force used by Procopio was grossly disproportionate to the circumstances, was not reasonably necessary to prevent harm, and constituted excessive physical restraint imposed on a minor child under Procopio's custodial control.

18. Procopio's actions constituted an unnecessary and excessive physical restraint of an eleven (11)-year-old child and an unlawful invasion of A.S.'s bodily integrity.

19. As a direct and proximate result of Procopio's conduct, A.S. suffered physical pain and injury and experienced fear, distress, and emotional trauma.

20.     Upon information and belief, the incident was captured on video from multiple vantage points (the "Video"). On or about October 24, 2025, Strumolo, was permitted to view multiple video recordings of the incident at SMS.

21.     On or about October 24, 2025, Strumolo met with the Principal and Assistant Principal of SMS, who advised, in substance, that they met with the Superintendent and that a State investigation had been initiated.

22.     Immediately after that meeting, Strumolo reported the incident to the Sparta Police Department. Strumolo was advised that the Police Department was aware of the incident and would await completion of the State investigation before determining further action.

23.     On or about November 14, 2025, the New Jersey Department of Children and Families, Institutional Abuse Investigation Unit, issued findings of "Not Established," which by definition indicates the evidence did not meet the preponderance standard for abuse/neglect, but that the evidence nonetheless indicates the child was harmed or placed at risk of harm.

24.     Procopio was suspended and/or placed on administrative leave pending the completion of the investigation.

25.     Upon information and belief, in or about January 2026, SBOE inquisitively returned Procopio to employment and student-facing duties without meaningful restrictions, safeguards, remedial training, supervision measures, or other corrective actions sufficient to protect students from recurrence.

26.   At all relevant times, SBOE and certain SBOE supervisors were responsible for establishing, implementing, and enforcing policies and practices governing staff training and supervision, permissible student interventions and use of force, incident reporting and investigation, evidence preservation, and staff discipline and retention.

27.   Upon information and belief, the constitutional violations and resulting harm to A.S. were caused by SBOE's policies, practices, and/or customs, including one or more of the following:

     a. failure to implement and/or enforce adequate policies restricting staff use of physical force and physical restraint on minor students;

     b. failure to train staff and supervisors in de-escalation and lawful, minimal-force interventions;

     c. failure to supervise and discipline staff to deter and prevent the use of excessive force against students; and/or

     d. ratification of unconstitutional conduct through post-incident decisions and practices, including return-to-duty decisions without adequate protective measures.

28.   Upon information and belief, the foregoing policies, practices, and customs, including the post-incident handling and return of Procopio to student-facing duties without adequate safeguards, constituted ratification and/or deliberate indifference and were a moving force behind the deprivation of Plaintiff's constitutional rights and the harm Plaintiff suffered.

29. Upon information and belief, SBOE's policies, practices, and/or customs were maintained with deliberate indifference to the known and obvious risk that staff would use unlawful force against students in the custodial school setting, and were a moving force behind the violation of A.S.'s constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION

*42 USC § 1983*
*Excessive Force / Substantive Due Process (14th Amendment)*
*As Against Defendant John Procopio*

30. Plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

31. At all relevant times, Defendant Procopio was employed by the Sparta Township Board of Education and acted under color of state law, including by exercising custodial and disciplinary authority over minor students during school hours and school-sponsored activities.

32. The Fourteenth Amendment protects public-school students from the use of force by school officials that violates a student's right to bodily integrity and personal security, including force that is excessive, punitive, and conscience-shocking in a custodial school setting.

33. On or about October 23, 2025, Procopio wrongfully and illegally used significant physical force against eleven (11)-year-old A.S., including forcibly seizing A.S., slamming A.S. to the ground, looming over A.S. in an intimidating

manner, and grabbing A.S. at or near the collar/neckline area to forcibly escort A.S. out of the gymnasium.

34.    Procopio's use of force was not reasonably necessary to restore order or prevent imminent harm, was grossly disproportionate to the circumstances, and constituted an unnecessary and excessive physical restraint of a minor child.

35.    Procopio's conduct was intentional, reckless, and/or malicious, and shocks the conscience.

36.    As a direct and proximate result of Procopio's conduct, A.S. suffered physical pain and injury and experienced fear, distress, and emotional trauma, and sustained other damages.

37.    Plaintiff is entitled to compensatory damages, and to punitive damages against Procopio to the extent permitted by law, as well as reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION

*42 U.S.C. § 1983*
*Monell Liability*
*As Against Defendant Sparta Township Board of Education*

38.    Plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

39.    Defendant Sparta Township Board of Education is a local governmental entity subject to suit under 42 U.S.C. § 1983.

40.    The constitutional deprivation described herein was caused by the Board's policies, practices, and customs, including failures in training, supervision, discipline, and post-incident corrective action, and/or ratification of unconstitutional conduct.

41.    At all relevant times, the Board, through its officials, administrators, and supervisory personnel with responsibility for student safety and staff management, maintained and/or tolerated policies, practices, and customs that were deliberately indifferent to the known and obvious risk that school staff would use unlawful and excessive physical force against students in the custodial school environment.

42.    Upon information and belief, such policies, practices, and customs included one or more of the following:

     a.  failing to implement and/or enforce adequate policies restricting staff use of physical force and physical restraint on minor students in non-emergency situations;

     b.  failing to provide adequate training to teachers and supervisors regarding de-escalation, lawful student interventions, and the minimal use of force necessary to restore order;

     c.  failing to provide adequate supervision, monitoring, and accountability mechanisms to deter and prevent staff-on-student excessive force;

     d.  failing to impose adequate corrective measures after uses of force to prevent recurrence, including through

meaningful discipline, safeguards, and retraining; and/or

e. ratifying unconstitutional conduct through post-incident decisions and practices, including returning Procopio to employment and student-facing duties in or about January 2026 without adequate restrictions, safeguards, remedial training, and/or supervision measures, despite the nature of the incident and the risk it created.

43. The Board's acts and omissions described above were undertaken with plain, obvious, and deliberate indifference to the predictable consequences of inadequate policies, training, supervision, and corrective action in a public middle school setting.

44. The Board's policies, practices, and customs were a moving force behind the violation of A.S.'s constitutional rights, and caused or substantially contributed to the injuries and damages alleged herein.

45. Plaintiff is entitled to compensatory damages and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION

*New Jersey Civil Rights Act (N.J.S.A. 10:6-1, et seq.)*
*Deprivation of New Jersey State Constitutional Rights*
*As Against Defendant John Procopio*

46. Plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

47.    The New Jersey Civil Rights Act ("NJCRA") provides a private cause of action against a person who, acting under color of law, subjects another to the deprivation of rights secured by the Constitution or laws of the State of New Jersey.

48.    At all relevant times, Procopio acted under color of law as a public-school employee exercising custodial and disciplinary authority over a minor student.

49.    Procopio's conduct on October 23, 2025, including seizing A.S., slamming A.S. to the ground, and physically restraining and forcibly escorting A.S. by the collar/neckline area, constituted an unlawful invasion of A.S.'s bodily integrity and personal security protected by the New Jersey Constitution, including Article I, Paragraph 1 (as the underlying right for NJCRA purposes).

50.    Procopio's actions were intentional, reckless, and/or malicious, and were not justified by any legitimate educational or safety necessity.

51.    As a direct and proximate result, A.S. suffered physical pain and injury and experienced fear, distress, and emotional trauma, and sustained other damages.

52.    Plaintiff is entitled to compensatory damages, punitive damages against Procopio to the extent permitted by law, and reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2(f).

## AS AND FOR A FOURTH CAUSE OF ACTION

*New Jersey Civil Rights Act (N.J.S.A. 10:6-1, et seq.)*
*Municipal Liability*
*As Against Defendant Sparta Township Board of Education*

53.    Plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

54.    Defendant Sparta Township Board of Education is a public entity subject to suit under the New Jersey Civil Rights Act.

55.    The deprivation of rights described herein was caused by the Board's policies, practices, and customs, including failures in training, supervision, discipline, and corrective action, and/or ratification of unconstitutional conduct.

56.    Upon information and belief, the Board maintained and/or tolerated policies, practices, and customs reflecting deliberate indifference to the known and obvious risk that school staff would use unlawful and excessive force against students in the custodial school setting.

57.    The Board's policies, practices, and customs were a moving force behind the deprivation of A.S.'s rights secured by the New Jersey Constitution, and caused or substantially contributed to the injuries and damages alleged herein.

58.    Plaintiff is entitled to compensatory damages and reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2(f).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff A.S., a minor, by and through his Guardian Ad Litem Ray Strumolo, demands judgment against Defendant Sparta Township Board of Education and Defendant John Procopio, and requests that the Court enter an Order awarding the following relief:

a. Compensatory damages in favor of Plaintiff and against Defendants, jointly and severally where permitted by law, in an amount to be determined at trial;

b. Punitive damages against Defendant John Procopio only (and not against the Sparta Township Board of Education), in an amount sufficient to punish and deter willful and/or reckless misconduct, to the extent permitted by law;

c. Reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988 and N.J.S.A. 10:6-2(f);

d. Pre-judgment interest as permitted by law, including as against Defendant John Procopio to the extent applicable;

e. Post-judgment interest as permitted by law;

f. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiff A.S. herein demands a trial by jury on all issues so triable.

## CERTIFICATION

Pursuant to 28 U.S.C. § 1746 and L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, information, and belief, the matter in controversy is not the subject of any other action pending in any court, and is not the subject of any pending arbitration or administrative proceeding.

Dated:        February 6, 2026                   Respectfully Submitted,
                                                 **THE TOSCANO LAW FIRM, LLC**
                                                 155 Passaic Avenue, Suite 420
                                                 Fairfield, New Jersey 07004
                                                 Phone: (973) 226-1691
                                                 Facsimile: (973) 226-1693
                                                 *Attorneys for Plaintiff,*
                                                 *Ray Strumolo, as G.A.L. for A.S.*

                                                 By:   */s/ Patrick P. Toscano, Jr.*
                                                       Patrick P. Toscano, Jr.
                                                       N.J. Bar No. 014461986
                                                       ptoscano@pptlawfirm.com

                                                 By:   */s/ Matthew J. Toscano*
                                                       Matthew J. Toscano
                                                       N.J. Bar No. 305642019
                                                       mtoscano@pptlawfirm.com